IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HALEY BRANDEBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No: 3:20-cv-00974 |
| WONDER PORCELAIN GROUP, LLC, ) | |
| d/b/a AMERICAN WONDER ) | Judge Eli J. Richardson |
| PORCELAIN ) | Magistrate Judge Alistair E. Newbern |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Plaintiff began working for Defendant on or about March 6, 2017 when she relocated from Texas to Tennessee to continue working for Defendant. Despite Defendant's non-harassment and non-discrimination policies, Defendant provided preferential treatment to employees of the Chinese national origin over those of the American national origin. For example, Defendant regularly paid for housing, transportation, and meals for those of Chinese national origin and did not offer this treatment to those of the American national origin. It became clear to Plaintiff that Defendant had two quite different standards for those of the American national origin and those of the Chinese national origin. After Plaintiff brought her complaints to her direct supervisor and many other superiors, Defendant started to target Plaintiff.

Plaintiff became pregnant is 2019 and took her maternity leave in December 2019. Plaintiff returned to work in the beginning of February of 2020, and within two weeks of her return, Defendant announced that they were "restructuring" Plaintiff's department, from a Monday-Friday, 7:30AM – 3:30PM, office/clerical, climate-controlled setting position to an overnight, twelve (12) hour shift on

1

either Wednesday – Saturday or Sunday – Wednesday factory position, which caused Plaintiff's job duties and shift to change drastically. Plaintiff attempted to discuss these changes with Defendant and Defendant responded by telling Plaintiff to accept the changes or quit. Feeling Plaintiff had no other choice, Plaintiff submitted her two-week notice on or about February 24, 2020. Defendant's "restructuring" of Quality Control was done in retaliation to Plaintiff's numerous complaints against the company's discriminatory practices and disregard to worker safety.

For Defendant: Defendant is a high-quality porcelain tile manufacturer in Lebanon, Tennessee. The facility in Lebanon hosts a number of Chinese nationals who are temporarily permitted to reside and work in the United States under approved visas. These workers were selected to come to the U.S. and train Defendant's workers based on their specialized knowledge of Defendant's service, product, management, techniques, research, or procedures and processes. Defendant denies that these workers were similarly situated to Plaintiff.

Defendant further denies that it discriminated against Plaintiff based on any protected characteristic, including race and/or national origin, disability, or pregnancy. Likewise, Defendant denies that any difference in the terms and conditions of Plaintiff's employment was based on any protected characteristic, including race and/or national origin, disability, or pregnancy. Defendant denies that Plaintiff was constructively discharged or that she was subject to retaliation for having engaged in any protected activity. Defendant also denies that Plaintiff can establish a claim under the Tennessee Public Protection Act ("TPPA") because she did not engage in any activities protected by the TPPA and moreover, she was not terminated, but instead voluntarily resigned.

    C.     ISSUES RESOLVED: Jurisdiction and venue.

    D.     ISSUES STILL IN DISPUTE: Liability and Damages.

    E.     INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 16, 2021.**

2

Case 3:20-cv-00974   Document 13   Filed 03/16/21   Page 2 of 5 PageID #: 118

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: Parties will submit a Joint Report on or before **February 28, 2022** to advise the Court of any good faith efforts to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **February 14, 2022.** Written discovery shall be served no later than **January 14, 2022.** A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery- related motions. All discovery motions shall be filed by no later than **February 28, 2022**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3) but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **November 5, 2021,** and must comply with Local Rules 7.01 and

15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **December 14, 2021**. The defendant shall identify and disclose all expert witnesses and reports on or before **January 14, 2022.** Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **February 14, 2022.**

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically on December 6, 2021, at 9:30 a.m., to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The parties shall call (888) 557-8511 and enter access code 7819165# to participate.

I. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **April 1, 2022**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

J. ELECTRONIC DISCOVERY. If the parties have reached an agreement on how to

conduct electronic discovery. Therefore, the default standard contained in Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

K. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

L. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The JURY trial of this action is expected to last approximately four days. The target trial date is October 11, 2022.

It is so **ORDERED**.

_____
United States Magistrate Judge

5

Case 3:20-cv-00974   Document 13   Filed 03/16/21   Page 5 of 5 PageID #: 121